UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-169 (JNE/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Kristopher Raphael Owens, | |
| Defendant. | |

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Kevin W. DeVore, CJA Appointment, DeVore Law Office, P.A., 724 Bielenberg Drive, Suite 110, Woodbury, MN 55125 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Defendant's Motion for Disclosure of Brady Materials, ECF No. 19;

2. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 20;

3. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 21;

4. Defendant's Motion for Early Disclosure of Jencks Act Materials, ECF No. 22;

5. Defendant's Motion for Grand Jury Testimony of Witnesses, ECF No. 23; and

6. Defendant's Motion for Government Agents to Retain Rough Notes, ECF No. 24.

A hearing was held on November 7, 2023. ECF No. 33. Assistant United States Attorney David Steinkamp appeared on behalf of the United States of America (the "Government"). Attorney Kevin DeVore appeared on behalf of Defendant Kristopher

Raphael Owens ("Defendant").

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Disclosure of Brady Materials, ECF No. 19, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of all favorable or exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Bagley*, 473 U.S. 667 (1985). ECF No. 19 at 1. Defendant's request includes impeachment evidence pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). *Id.* Defendant requests that the Government's disclosures include: prior convictions of any Government informants or witnesses; evidence or witnesses favorable to Defendant and material to his guilt or punishment; reports or official statements regarding claims or charges of aggressive, assaultive or coercive behavior on the part of the Government informant; any materials relevant to impeachment of any Government witness, including witnesses' criminal history and prior inconsistent statements or inconsistencies with other statements made by other witnesses for the Government, evidence of any witnesses' prior lies or untruthfulness, bias or prejudice, and success or failure of any witnesses' prior cooperation with the Government; any promises made to any witness by the Government and any evidence of promises made or grants of immunity given to prospective government witnesses; list of witnesses who will be called to testify, including any contradictory statements those witnesses have made; evidence affecting the credibility or probative value of testimony or evidence produced by the Government; items seized from parties not charged which identify them and not Defendant;

any witnesses, statements, recordings, reports or other evidence that indicate that Defendant is not guilty; identification of each time prospective Government witnesses testified before any court, grand jury, or tribunal, or participated in any deposition, or narrated any statement or information concerning this case. *Id.* at 1-3. The Government responds that it will continue to comply with its discovery obligations under *Brady* and its progeny. Gov't's Consol. Resp., ECF No. 28 at 3.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing under *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake

3

in the defendant's conviction." *Id.* (citing *Bagley*, 473 U.S. at 683).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's requests are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. If the Government later discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant seeks discovery and disclosures outside of the Government's obligations under these authorities or seeks materials that have already been produced, such requests are denied. See *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

2. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 20, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government disclose any Rule 404(b) evidence 14 days before to trial. ECF No. 20 at 1. The Government does not object to Defendant's 14-day request, but the Government does ask the Court to not require more than what is encompassed by Rule 404(b), specifically noting that Rule 404(b) does not encompass intrinsic evidence. *See* Gov't's Consol. Resp. at 4.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred."

*Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see Polk*, 715 F.3d at 249; *Hamilton*, 452 F.2d at 479; *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds the 14-day proposal reasonable. No later than 14 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(A). Defendant's motion is denied to the extend it goes beyond Rule 404(b).

3. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 21, is **DENIED**.

With respect to experts, Defendant requests, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) that the Government disclose a written summary of any expert testimony the Government intends to use at trial no later than 14 days before trial. ECF No. 21 at 1. At the hearing, the parties confirmed with the Court that they are agreeable to the

dates provided in the Court's Arraignment Order with respect to experts; therefore, this aspect of Defendant's motion is denied as moot. The parties shall disclose the identity of any expert witness and make all expert disclosures required by Rule 16 no later than 28 days before trial. The parties shall also disclose the identity of any expert who will testify in rebuttal of any expert witness and make all disclosures as to such expert required by Rule 16 no later than 14 days before trial. *See* ECF No. 13 at 2.

The Government objects to Defendant's motion to the extent any discovery requests exceed the requirements of Rule 16. Gov't's Consol. Resp. at 5. "In most circumstances . . . a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *Johnson*, 228 F.3d at 924. To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16 or that have already been produced by the Government, his motion is denied. The Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c).

4. Defendant's Motion for Early Disclosure of Jencks Act Materials, ECF No. 22, is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least 14 days prior to the testimony of each Government witness. ECF No. 22 at 1-2. The Government objects to any order requiring early disclosure but states it will disclose Jencks Act materials voluntarily three business days prior to trial. Gov't's Consol. Resp. at 5.

By its terms,

7

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of [his] testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the Government to disclose such materials no less than three business days before trial.

5. Defendant's Motion for Grand Jury Testimony of Witnesses, ECF No. 23, is **DENIED.**

Defendant requests production of grand jury transcripts for the witnesses the Government intends to call at trial. ECF No. 23. The Government proposes to produce the grand jury transcripts for the witnesses it intends to call at the trial three days prior to the scheduled testimony. Gov't's Consol. Resp. at 6. At the motions hearing, Defendant stated that he was content with the Government's proposal.

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the

grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").

While Defendant has not made any showing of a particularized need for grand jury materials, the Government, in response, acknowledged that there may be a particularized need that outweighs the secrecy of the grand jury proceeding as it relates to witnesses testifying at trial in this case. Gov't's Consol. Resp. at 5-6. Defendant has not made any showing of a particularized need for grand jury materials. Therefore, his request for disclosure of grand jury materials is denied except to the extent the Government is otherwise obligated to disclose such materials. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318. Although Defendant's motion is being denied, the Court notes that the Government has represented that it will disclose the grand jury transcripts of the witnesses it intends to call at the trial three days prior to each witnesses scheduled testimony. Gov't's Consol. Resp. at 6.

6. Defendant's Motion for Government Agents to Retain Rough Notes, ECF No. 24, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests an order directing that all law enforcement agents, including any

9

confidential reliable informants, retain and preserve all rough notes taken as part of their investigation regardless of whether such rough notes are in official records. ECF No. 24. The Government does not object to the retention of rough notes. Gov't's Consol. Resp. at 6. The Government, however, objects to the disclosure of any rough notes and opposes any assertion that rough notes are statements within the meaning of the Jencks Act. *Id.* at 6-7.

Defendant's request for the retention of rough notes is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter. To the extent that Defendant seeks disclosure of rough notes, such request is denied. *See United States v. Robinson*, 439 F.3d 777, 779-80 (8th Cir. 2006) ("'[R]eports, memoranda, or other internal government documents' created by a government agent in connection with the investigation or prosecution of the case are immune from discovery." (quotation omitted)); *see also United States v. Altman*, 507 F.3d 678, 680 (8th Cir. 2007) ("A federal criminal defendant generally has no right to know about government witnesses prior to trial.").

7. All prior consistent orders remain in full force and effect.

8. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: January 18, 2024                     *s/ Tony N. Leung*
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota

                                           *United States v. Owens*
                                           Case No. 23-cr-169 (JNE/TNL)