UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                           Case No. 23-cr-169 (JNE)

v.                                      Case No. 25-cv-3849 (JNE)
                                           ORDER

Kristopher Raphael Owens,

        Defendant.

Defendant pleaded guilty to one count of possession with intent to distribute fentanyl. Varying downward from the guideline range, the Court sentenced him to 144 months' imprisonment. Defendant appealed. He asserted that the sentence was unreasonable. The Eighth Circuit "conclude[d] that the district court did not impose a substantively unreasonable sentence" and affirmed. *United States v. Owens*, No. 24-3124, 2025 WL 670435, at *1 (8th Cir. Mar. 3, 2025) (per curiam). Several months later, Defendant filed a motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255. Because the record conclusively shows that he is not entitled to relief, the Court denies his § 2255 motion without an evidentiary hearing. *See Hudson v. United States*, 139 F.4th 1011, 1014 (8th Cir.), *cert. denied*, 146 S. Ct. 344 (2025).

Section 2255 "provides a remedy for jurisdictional and constitutional errors." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). "Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete

1

miscarriage of justice.""'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

## *Ground One*

Defendant asserted that his sentence is substantively unreasonable. The government responded that "[t]he Court should dismiss [the] claim as waived under the plea agreement and procedurally barred." In his plea agreement, Defendant "waive[d] all rights conferred by 18 U.S.C. § 3742 to appeal [his] sentence, unless the sentence for Count 1 exceeds 84 months' imprisonment," and "expressly waive[d] the right to petition under 28 U.S.C. § 2255 but reserve[d] the right to raise the issue of ineffective assistance of counsel." Defendant's first claim is not one of ineffective assistance of counsel. He has not established any reason to avoid the plea agreement's waiver. *See Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). In addition, "[i]t is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam); *see Sun Bear*, 644 F.3d at 702. Accordingly, the Court rejects Defendant's first claim.

## *Ground Two*

Defendant maintained that his attorney failed to object as requested at a motion hearing. In support, Defendant stated that an investigator testified the driver of a truck wore a white hoodie that displayed a teddy bear on its front and that the investigator's "supplement/disposition" indicates the driver wore a "black hoodie with white words." Defendant asked his attorney to object during the hearing. The attorney did not do so.

2

The government responded that Defendant's claim fails "because an in-court objection to [the investigator's] description of the sweatshirt would have been inappropriate and futile." The government maintained that it "is unaware of any rule, statute, or precedent that would authorize such a tactic at a suppression hearing."

The two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Defendant must demonstrate that his attorney's representation fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 57-59. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. In assessing the reasonableness of counsel's conduct, the Court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Defendant has not demonstrated that his attorney's representation fell below an objective standard of reasonableness. Defendant has not identified a meritorious objection that his attorney could have made at the motion hearing. The attorney extensively cross-examined the investigator. *See Henderson v. Norris*, 118 F.3d 1283, 1287 (8th Cir. 1997) ("The cross-examination of a witness is a delicate task; what works for one lawyer may not be successful for another. Courts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel."). In addition, Defendant has not demonstrated that there is a reasonable probability that, but for his attorney's failure to object at the motion hearing, he would

not have pleaded guilty and would have insisted on going to trial.  Accordingly, the Court rejects his second claim.

### Ground Three

Defendant's third claim relates to advice he received about whether the government could pursue a weapons charge against him.  Defendant claimed that he asked his attorney in August 2023 whether the government could charge him with any weapon that was found in a truck.  According to Defendant, the attorney discerned no way for the government to do so.  In February 2024, the attorney told Defendant that the government was going to pursue a weapons charge against him and to charge him as a career criminal.  Having heard of the government's intention, Defendant stated that he "took the deal."  Defendant has not demonstrated how the attorney's case evaluation in August 2023 fell below an objective standard of reasonableness.  In addition, Defendant has not demonstrated that, but for his attorney's failure to advise him the government could pursue a weapons charge against him, he would not have pleaded guilty and would have insisted on going to trial.  Accordingly, the Court rejects Defendant's third claim.

### Ground Four

Defendant asserted that his attorney did not review data that was on a cellular telephone with him and that the data "would help [him]."  Defendant has not demonstrated that his attorney's representation fell below an objective standard of reasonableness.  He has not explained how the data, which he has not described, would have helped him.  In addition, he has not demonstrated that, but for his attorney's failure

to review the data on the phone with him, he would not have pleaded guilty and would have insisted on going to trial.  Accordingly, the Court rejects Defendant's fourth claim.

### Ground Five

Defendant asserted that he asked his attorney to raise "the totality of the circumstances" and "tasked tied" in a *Franks* hearing and that his attorney "never filed a motion to even get [him] a *Franks* hearing."  Defendant has not demonstrated that his attorney's representation fell below an objective standard of reasonableness.  Defendant has not demonstrated that "he provided his attorney with factual information that would have led counsel reasonably to conclude that a *Franks* motion was warranted."  *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014).  In addition, Defendant has not demonstrated that, but for his attorney's failure to move for a *Franks* hearing and raise "the totality of the circumstances" and "tasked tied" in the hearing, he would not have pleaded guilty and would have insisted on going to trial.  Accordingly, the Court rejects Defendant's fifth claim.

### Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).  A court cannot issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Defendant has not shown that reasonable jurists would find the rejection of his claims debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

### Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.    Defendant's § 2255 motion [Docket No. 97] is DENIED.

2.    A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 9, 2026

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

6